LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JORGE RIVERA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

THE ANTHEM COMPANIES, INC.
   f/k/a THE WELLPOINT COMPANIES, INC.
,

    Defendant.

---

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Plaintiff JORGE RIVERA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, THE ANTHEM COMPANIES, INC. f/k/a THE WELLPOINT COMPANIES, INC. ("Defendant"), and states as follows:

1

## INTRODUCTION

1. Plaintiff RIVERA alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff RIVERA also alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime compensation, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiff RIVERA further alleges that he and others similarly situated were deprived of their statutory rights as a result of Defendant's unlawful discrimination practices pursuant to the New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), New York City Human Rights Law and the Administrative Code of the City of New York § 8-107 ("NYCHRL"), and brings this action against Defendant to recover (1) economic damages (2) compensatory damages for emotional distress, (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. Defendant is subject to personal jurisdiction in this judicial district.

5. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

7. This Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## PARTIES

9. Plaintiff JORGE RIVERA is a resident of Queens County, New York.

10. Defendant THE ANTHEM COMPANIES, INC. is a foreign business corporation operating in New York and organized under the laws of Indiana. Its principal executive office is located at 120 Monument Circle, Indianapolis, IN, 46204, and its address for service of process purposes is c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011. Defendant THE ANTHEM COMPANIES, INC. is registered to conduct business in New York and formerly operated under the name THE WELLPOINT COMPANIES, INC.

11. Defendant operates a healthcare enterprise that provides programs and services to uninsured and underinsured individuals. Defendant maintains offices and hires employees throughout the State of New York and the United States.

12. At all relevant times, the Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

13. At all relevant times, the Defendant was an employer that employs four (4) or more "employees" within the meaning of the NYSHRL and NYCHRL, and is an "employer" and "person" within the meaning of Section 15(a) of the FLSA and Section 215 of the NYLL.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff RIVERA brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-managerial employees of the Retention Department (including, but not limited to, representatives who performed outreach, facilitated enrollment, and/or recertified clients) employed by Defendant on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff RIVERA and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek and improperly classifying non-exempt employees as exempt. The claims of Plaintiff RIVERA stated herein are essentially the same as those of FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS

18. Plaintiff RIVERA brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-managerial employees of the Retention

Department (including, but not limited to, representatives who performed outreach, facilitated enrollment, and/or recertified clients) employed by Defendant on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff RIVERA, are referred to herein as the "Class" or "Class Members." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant, as alleged herein, of improperly classifying non-exempt employees as exempt, failing to pay overtime compensation, failing to provide proper wage statements, and failing to provide proper wage and hour notices. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class

Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendant and other employers throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

(a) Whether Defendant employed Plaintiff and Class Members within the meaning of the state labor laws;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class Members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay Plaintiff and Class Members for their work;

(d) Whether Defendant properly notified Plaintiff and Class Members of their pay rates;

(e) Whether Defendant paid Plaintiff and Class Members the proper overtime compensation;

    (f)    Whether Defendant misclassified Plaintiff and Class Members as exempt from overtime;

    (g)    Whether Defendant provided proper wage statements to Plaintiff and Class Members; and

    (h)    Whether Defendant provided proper wage and hour notices to Plaintiff and Class Members.

## STATEMENT OF FACTS

26. In or about May 2005, Defendant hired Plaintiff JORGE RIVERA to work as a Facilitated Enroller in Anthem's Medicaid department.

27. In or about November 2006, Defendant promoted Plaintiff RIVERA to the Retention department where he worked as a Retention Representative. In this position, Plaintiff RIVERA made house visits and called existing clients to gather additional information that was missing from the clients' applications or that was required by the government for Medicaid and long-term care services. Defendant paid Plaintiff RIVERA about $25.50 per hour to perform these duties. However, to meet his production quota of recertifying at least one hundred (100) members a month, he typically had to work 20-25 hours overtime per week.

28. In or about April 2016, Defendant promoted Plaintiff RIVERA to the position of Senior Medicaid Representative. As a Senior Medicaid Representative, Plaintiff RIVERA made house visits and calls to enroll/recertify prospective and managed long-term care clients. Defendant paid Plaintiff RIVERA $28.50 per hour to perform these duties. Again, to ensure that he could enroll or recertify around 200-300 members a month, Plaintiff RIVERA generally had to work an extra 5-10 hours a week overtime.

29. In or about June 2016, Plaintiff RIVERA suffered a heart attack and had to take time off again in September 2016 for a necessary procedure. When he returned to work, however, he repeatedly faced inappropriate comments from his manager Erwin Lawrence and other supervisors. He was called an "old man" by Erwin Lawrence and repeatedly was told that he is slow. Plaintiff felt extremely uncomfortable and pressured by these recurring comments, and reported these issues to a manager. Nevertheless, Defendant failed to take any remedial actions. Instead, soon after in or about January 2017, Plaintiff was terminated as a Senior Medicaid Representative solely due to his age.

30. Throughout his employment with Defendant, Plaintiff RIVERA regularly worked more than forty (40) hours per week. Due to company pressure to produce and because it was not possible to meet his required quota during his scheduled hours from 9 am to 5 pm, 5 days a week, he had no choice but to engage in sales activities with clients on the phone after hours. Although he was working overtime, his managers repeatedly advised him, however, to not mark these overtime hours on his timesheet. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked over forty (40) hours per week but Defendant failed to pay them the required overtime premium compensation.

31. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the state overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week by improperly misclassifying them as exempt.

32. Defendant knowingly and willfully operated its business with a policy of not providing wage statements to Plaintiff, FLSA Collective Plaintiffs and Class Members that list

the accurate rates of pay and regular and overtime hours worked per week, as required by the NYLL and applicable state labor laws.

33. Defendant knowingly and willfully operated its business with a policy of not providing wage and hour notices that list the accurate rates of pay and regular and overtime hours worked per week to Plaintiff, FLSA Collective Plaintiffs and Class Members, in violation of the state wage and hour law.

34. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

36. At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

39. At all relevant times, Defendant had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

40. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

41. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

44. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

46. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and New York Class Members were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

48. Defendant knowingly and willfully violated Plaintiff's and New York Class Members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. Defendant knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and New York Class Members, as required by New York Labor Law § 195(1).

50. Defendant knowingly and willfully failed to provide proper wage statements to Plaintiff and New York Class Members with every wage payment, as required by New York Labor Law § 195(3).

51. Due to Defendant's New York Labor Law violations, Plaintiff and New York Class Members are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## <u>VIOLATION OF APPLICABLE STATE WAGE AND HOUR LAWS</u>

52. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

53. At all relevant times, Plaintiff and Class Members were employed by Defendant within the meaning of the applicable state wage and hour laws.

54. Defendant knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55. Defendant knowingly and willfully failed to provide proper wage statements and notices to Plaintiff and Class Members, as required under the applicable state wage and hour laws.

56. Due to Defendant's state law violations, Plaintiff and Class Members are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## COUNT IV

## <u>VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW</u>

57. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

58. Plaintiff JORGE RIVERA is an employee and a qualified person within the meaning of the NYSHRL and Defendant is a covered employer under the NYSHRL.

59. Defendant violated Plaintiff's statutory protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff to a hostile work environment.

60. Defendant's conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

61. As a result of Defendant's unlawful employment practices, Plaintiff RIVERA sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

62. Due to Defendant's violation under the NYSHRL, based on discrimination on the basis of age, Plaintiff RIVERA is entitled to recover from Defendant: (1) an injunction ordering Defendant to cease its discriminatory practices as described herein; (2) back pay; and (3) compensatory damages.

## COUNT V

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

63. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

64. Plaintiff RIVERA is an employee and a qualified person within the meaning of the NYCHRL and Defendant is a covered employer under the NYCHRL.

65. Defendant violated Plaintiff RIVERA's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by subjecting Plaintiff RIVERA to a hostile work environment.

66. Defendant's conduct was intentional, malicious, willful or in reckless disregard of Plaintiff RIVERA's protected rights under the NYCHRL.

67. As a result of Defendant's unlawful employment practices, Plaintiff RIVERA sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

68. Due to Defendant's violation under the NYCHRL based on discrimination on the basis of age, Plaintiff RIVERA is entitled to recover from Defendant: (1) back pay; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of themselves, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the applicable state laws;

b. A declaratory judgment that the practices complained of herein are unlawful under the NYSHRL and NYCHRL;

c. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation due under the FLSA and the applicable state laws;

e. An award of statutory penalties as a result of Defendant's failure to comply with the wage notice and wage statement requirements under the applicable state laws;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation, pursuant to the FLSA and/or and the applicable state laws;

g. An order awarding relief for Defendant's discriminatory conduct, including but not limited to back pay, compensatory and punitive damages;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 16, 2018

Respectfully submitted,

By: *s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiff and the Class*