**SEYFARTH SHAW**

Seyfarth Shaw LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958

Writer's direct phone
(404) 881-5440

(404) 885-1500
fax (404) 892-7056

Writer's e-mail
jglaser@seyfarth.com

www.seyfarth.com

April 19, 2018

**BY ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

> Re: *Jorge Rivera v. The Anthem Companies, Inc. f/k/a The Wellpoint Companies, Inc.*
> United States District Court, Southern District of New York;
> Case No. 1:18-cv-01420

Dear Judge Woods:

Pursuant to this Court's Individual Rule 2(c) and Order dated April 17, 2018 (Dkt # 15), Defendant[1] provides this pre-motion submission regarding Defendant's proposed Motion to Dismiss Plaintiff's Complaint. Defense counsel conferred with Plaintiff's counsel and Plaintiff's counsel does not consent to Defendant's proposed motion.

Plaintiff filed a putative class and collective action against Defendant concluding without factual support that he and other individuals throughout the country worked overtime without compensation in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and unidentified state "wage and hour laws" in unknown jurisdictions. Rather than providing a basis for his sweeping claims, Plaintiff merely parrots the elements of the applicable legal standards of the FLSA and NYLL and asserts in boilerplate fashion that Defendant violated such standards. Plaintiff's claims under unidentified "wage and hour laws" outside New York are even worse. Plaintiff does not identify the laws under which he seeks to recover, much less a factual basis to support his claims under these laws.[2]

For the reasons briefly summarized below, Plaintiff's Complaint is improperly pled and Defendant should be permitted to move for dismissal of Plaintiff's claims in their entirety.

1.  <u>Plaintiff Failed to Properly Plead Facts Supporting His FLSA and NYLL Claims</u>.

To establish violations under the FLSA and NYLL in the Second Circuit, a plaintiff "must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp.*, 507 F.3d 117, 121

---

[1] The Anthem Companies, Inc. never employed Plaintiff. The correct employer is HealthPlus HP, LLC d/b/a Empire BlueCross and BlueShield Health Plus.

[2] In addition to his wage and hour claims, Plaintiff alleges age discrimination in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). These claims should be also be dismissed for the reasons set forth below in Section 4.



(2d Cir. 2007). Vague and generalized allegations of overtime or uncompensated work are not enough to allege a cause of action under the FLSA or NYLL. *See Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013) (affirming dismissal of FLSA and NYLL claims based on vague allegations of hours "typically" worked). Instead, a plaintiff must identify at least one week where he or she worked over 40 hours without compensation. See, e.g., *Cromwell v. New York City Health & Hosp. Corp.*, 2013 U.S. Dist. LEXIS 64914, at *4 (S.D.N.Y. May 15, 2013) (dismissing FLSA overtime claim based on allegations of the hours plaintiff "typically" worked without pointing "to any particular workweek . . . during which [plaintiff] worked uncompensated time more than 40 hours") (emphasis in original).

Plaintiff makes no specific allegations in his Complaint as to when or how often he allegedly worked more than forty hours per week without compensation. He claims he "typically" or "generally" worked a certain number of overtime hours in his jobs (Compl., ¶¶ 27-28), but he does not specify how much, if any, of this alleged overtime was uncompensated. As such, Plaintiff's individual FLSA and NYLL claims should be dismissed.

2. <u>Plaintiff's Willfulness Allegations Must Be Dismissed</u>.

The FLSA's two-year statute of limitations can be extended to three years if there is a willful violation, but Plaintiff has not properly pled that claim. *See* 29 U.S.C. § 255. "To satisfy the *Iqbal* pleading requirements, 'it is insufficient to merely assert that the employer's conduct was willful; the court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation.'" *Ochoa v. Pearson Educ., Inc.,* 2012 U.S. Dist. LEXIS 3802, at *3 (D.N.J. Jan. 12, 2012) (quoting *Mell v. GNC Corp.*, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010)). Plaintiff concludes that "Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due." (Compl., ¶ 40). Plaintiff fails to assert any facts to support his legal conclusions. Thus, this Court should dismiss the allegation.

3. <u>Plaintiff's Class and Collective Action Claims Should Be Dismissed</u>.

Even if Plaintiff's individual claims under the FLSA and NYLL were sufficiently pled (which they are not), his class and collective claims should be dismissed. Plaintiff's nationwide Rule 23 class claims should be dismissed because they are premised on an ambiguous claim of "violation of applicable state wage and hour laws". (Compl., p. 3). Plaintiff has failed to even name the state wage and hour laws at issue, much less a factual basis to support the elements of these unidentified statutes or identify the potential class he seeks to represent. (Compl., p. 3). *See Zhong v. August August Corp*., 498 F. Supp. 2d 625, 628-30 (S.D.N.Y. 2007) ("[W]here a plaintiff brings a [wage-and-hour] claim for and on behalf of himself and other employees similarly situated, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief.")

Plaintiff's New York law class claim is similarly deficient. Plaintiff alleges "Defendant knowing and willfully violated Plaintiff and New York Class Members' rights by failing to pay them the proper overtime compensation . . ." (Compl., ¶ 48). The Complaint, however, fails to specify which particular group of people are defined within the New York class versus any other class. The class does not specify which positions are included, the duties of those positions, how those positions are similar and the common pay or practice that binds the class together. "[W]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)).

Further, Plaintiff's FLSA collective action claims should be dismissed because they are insufficiently pled. Plaintiff purports to seek an FLSA collective action on behalf of "all non-managerial employees of the Retention Department (including, but not limited to, representatives who performed outreach, facilitated enrollment, and/or recertified clients) employed by Defendant on or



after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA collective Plaintiffs")." (Compl., ¶ 15). Leaving aside that the maximum statute of limitations period under the FLSA is three, not six years, Plaintiff's collective action claim should be dismissed because he fails to allege facts to support the claim that other employees are "similarly situated" in terms of job duties, pay, or a common policy in violation of the FLSA. This is reason alone to dismiss Plaintiff's collective action allegations. *See, e.g., St. Croix v. Genentech, Inc.* 2012 U.S. Dist. LEXIS 86742, at *3 (M.D. Fla. June 22, 2012) (finding that a complaint providing only the plaintiff's job title and failing to describe his job, the jobs or titles of putative class members, or their pay provisions, did not satisfy *Twombly* and *Iqbal*); *Creech v. Holiday CVS, LLC*, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) (concluding the claim that other members of the putative collective are "similarly situated" because they "performed the same or similar job duties in that they 'provided customer services' for the defendants" is "not descriptive enough to give rise to a plausible right to relief" and granting motion to dismiss/strike "the collective action component of the plaintiff's claim under the FLSA").

4. **This Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Claims Under NYLL, NYSHR, and NYCHR, and Unidentified Wage and Hour Laws.**

Assuming this Court agrees with Defendant's position that Plaintiff's FLSA claims are improperly pled, this Court should also dismiss Plaintiff's state and city law claims. A "district court may, in its discretion exercise supplemental jurisdiction" over state law claims when there are pending federal law claims. *Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 31 F.3d 89, 103 (2d Cir. 1994). Once the federal law claims are dismissed, this Court will only be left with Plaintiff's state law claims. Here, this Court should find that judicial economy, convenience, and fairness would not be served by this Court exercising supplemental jurisdiction over Plaintiff's state law claims until Plaintiff has adequately alleged a federal cause of action, and to do so would be inconsistent with the principle of comity. *See Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 460-61 (S.D.N.Y. 2014) (dismissing plaintiff's state law claims and declining supplemental jurisdiction after determining that plaintiff's federal claims were poorly pled).

In addition, Plaintiff does not sufficiently plead that he is covered by the NYCHRL. NYCHRL only applies where the actual impact of the discriminatory conduct or decision is felt within the five boroughs. *See Wahlstrom v. Metro-North Commuter R.R.*, 89 F. Supp. 2d 506, 527 (S.D.N.Y. 2000). Plaintiff alleges that he is a resident of Queens County, New York. (Compl., ¶ 9). Plaintiff also alleges that "Defendant maintains offices and hires employees throughout the State of New York," but does not specify which cities in New York. (Compl., ¶ 11). Plaintiff failed to plead facts regarding where Defendant is located, where Plaintiff worked, where his manager worked, or where the alleged discriminatory acts occurred. As such, Plaintiff's NYCHRL claim is deficient and should be dismissed.

Given the nature of the Complaint, Defendant respectfully requests that Defendant be permitted to move to dismiss Plaintiff's Complaint.

        Sincerely,

        SEYFARTH SHAW LLP

        */s/ Jeffrey Glaser*
        Jeffrey Glaser

JG