**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JORGE RIVERA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

     Plaintiff,

THE ANTHEM COMPANIES, INC.
f/k/a THE WELLPOINT COMPANIES, INC.,
and HEALTHPLUS HP, LLC d/b/a EMPIRE
BLUECROSS AND BLUESHIELD HEALTH
PLUS f/k/a AMERIGROUP NEW YORK, LLC

     Defendants.

Case No. 1:18-cv-01420

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

SEYFARTH SHAW LLP

Brett C. Bartlett
Jeffrey Glaser
Ariel D. Fenster
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
bbartlett@seyfarth.com
jglaser@seyfarth.com
afenster@seyfarth.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ....................................................................................................... 3

I.      Applicable Legal Standard ...................................................................... 3

II.     Plaintiff Failed To Properly Plead Any Facts Supporting His Individual FLSA And NYLL Claims ................................................................................ 5

III.    Plaintiff's Willfulness Allegations Must Be Dismissed. ............................. 8

IV.    Plaintiff's Class And Collective Claims Should Be Dismissed. .................. 9

        A.     Plaintiff's FLSA Collective Action Claims Should be Dismissed Because They Are Insufficiently Pled ................................................... 9

        B.     Plaintiff's New York Rule 23 Class Claim Should Be Dismissed Because It Is Insufficiently Pled ...................................................... 11

V.     This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Claims Under NYLL, NYSHR, NYCHR When Plaintiff's Federal Claim is Improperly Pled. .................................................................................... 13

CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Yale Club*,
   No. 94 Civ. 08888, 1995 U.S. Dist. LEXIS 14881 (S.D.N.Y. Oct. 5, 1995) ...........................4

*Marshall ex rel. All Others v. UBS Fins. Servs.*,
   2015 U.S. Dist. LEXIS 88048 (S.D.N.Y. July 6, 2015) ...........................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................................... *passim*

*Bustillos v. Acad. Bus, LLC*,
   No. 13 Civ. 565-AJB, 2014 WL 116012 ...............................................................................7

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988).............................................................................................................13

*Chen v. Major League Baseball*,
   6 F. Supp. 3d 449 (S.D.N.Y. 2014) ...................................................................................13

*Creech v. Holiday CVS, LLC*,
   No. 11-CV-46, 2012 WL 4483384 (M.D. La. Sept. 28, 2012).................................................10

*Cromwell v. New York City Health & Hosp. Corp.*,
   No. 12 Civ. 4251, 2013 2-13 U.S. Dist. LEXIS 64914 (S.D.N.Y. May 15,
   2013) ......................................................................................................................................7

*Dejesus v. HF Mgmt. Servs., LLC*,
   726 F. 3d 85 (2d Cir. 2013)................................................................................................5, 6

*Elgendy v. City of New York*,
   No. 99 Civ. 5196, 2000 U.S. Dist. LEXIS 11085 (S.D.N.Y. Aug. 7, 2000) ...........................14

*Frazier v. Gen Elec. Co.*,
   930 F.2d 1004 Cir. 1991 .......................................................................................................8

*Grimes v. Fremont Gen. Corp.*,
   785 F. Supp. 2d 269 (S.D.N.Y. 2011)....................................................................................14

*James v. Countrywide Financial Corp.*,
   849 F. Supp. 2d 296 (E.D.N.Y. 2012) ................................................................................7, 8

*Johnson v. Equinox Holdings, Inc.*,
  No. 13-CIV-6313, 2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. July 2, 2014)...........................8

*Kemp v. Target Corp.*,
  No. 1:12-CV-3858, 2013 WL 5289799 (N.D. Ala. Sept. 18, 2013)........................................11

*Kolari v. N.Y.-Presbyterian Hosp.*,
  455 F.3d 118 (2d Cir. 2006).....................................................................................................13

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
  711 F.3d 106 (2d Cir . 2013)......................................................................................................5

*Mell v. GNC Corp.*,
  No. 10-945, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010)....................................................4, 8

*Mendez v. H.J. Heinz Co., L.P., No. CV125652GHKDTBX*,
  2012 WL 12888526 (C.D. Cal. Nov. 13, 2012)......................................................................12

*Nakahata v. New-York-Presbyterian Healthcare Sys.*,
  723 F.3d 192 (2d Cir. 2013)...............................................................................................4, 5, 6

*Ochoa v. Pearson Educ., Inc.*,
  2012 U.S. Dist. LEXIS 3802 (D.N.J. Jan. 12, 2012) ............................................................8, 9

*Ovieda v. Sodexo Operations, LLC*,
  No. CV-12-1750-GHK, 2012 U.S. Dist. LEXIS 173844 (C.D. Cal. May 7,
  2012) ........................................................................................................................................12

*Pickering v. Lorillard Tobacco Co., Inc.*,
  No. 2:10-CV-633, 2011 WL 111730 (M.D. Ala. Jan. 13, 2011)............................................10

*Port Dock & Stone Corp.*,
  507 F.3d 117 (2d Cir. 2007)........................................................................................................5

*St. Croix v. Genentech, Inc.*,
  No. 8:12-CV-891, 2012 U.S. Dist. LEXIS 86742 (M.D. Fla. June 22, 2012)........................10

*Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*,
  31 F.3d 89 (2d Cir. 1994)..........................................................................................................13

*Wahlstrom v. Metro-North Commuter R.R.*,
  89 F. Supp. 2d 506 (S.D.N.Y. 2000).........................................................................................14

*Werst v. Sarar USA Inc.*,
  No. 17 CV. 2181, 2018 WL 1399343 (S.D.N.Y. Mar. 16, 2018).............................................5

*Zamora v. Washington Home Servs., LLC*,
  No. 11-CV-00831 AW, 2011 WL 6297941 (D. Md. Dec. 15, 2011) ........................................4

*Zhong v. August August Corp.*,
    498 F. Supp. 2d 625 (S.D.N.Y. 2007)................................................................4, 10

**Statutes**

28 U.S.C. § 1367(c)(3)...........................................................................................13

29 U.S.C. § 255.........................................................................................................8

Fair Labor Standards Act .............................................................................. *passim*

Fair Labor Standards Act .............................................................................................1

FLSA ................................................................................................................ *passim*

New York City Human Rights Law...............................................................2, 3, 14

New York Labor Law ..................................................................................... *passim*

New York Labor Law ...............................................................................................1

NYLL.............................................................................................................2, 5, 7, 8

State Human Rights Law ......................................................................................2, 3

**Other Authorities**

Fed. R. Civ. P. 23(c)(1)(A) ...................................................................................12

Federal Rules of Civil Procedure 12(b)(6)...........................................................1, 3, 14

N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2 ................................................5

New York Rule 23 ........................................................................................... *passim*

Rule 23(b)(6)............................................................................................................5

Defendants THE ANTHEM COMPANIES, INC.,[1] and HEALTHPLUS HP, LLC ("Defendants") by their counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure respectfully submit this Memorandum Of Law in Support of its Motion to Dismiss Plaintiff Jorge Rivera's First Amended Complaint ("FAC").

## PRELIMINARY STATEMENT

On February 16, 2018, Plaintiff filed a putative class and collective action complaint against Defendant The Anthem Companies, Inc. On April 19, 2018, The Anthem Companies, Inc. sought leave to file a motion to dismiss the complaint in full. This Court granted leave and The Anthem Companies, Inc. filed its Motion to Dismiss on April 27, 2018. Rather than opposing the Motion to Dismiss, Plaintiff filed the FAC adding Healthplus HP, LLC as a defendant and dropping his purported multi-state class action. The FAC still does not address most of the deficiencies in Plaintiff's original complaint and should be dismissed in full.

First, Plaintiff's wage and hour claims are devoid of necessary facts required for a proper pleading under *Twombly* and *Iqbal*. Plaintiff's individual Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims contain no specific allegations about when or how often he allegedly worked more than forty hours per week without compensation. Instead, Plaintiff improperly uses bare conclusions that he "typically" or "approximately" worked a certain number of overtime hours and that he was not compensated for some unspecified amount of these hours. Similarly, Plaintiff alleges that Defendants engaged in a willful violation of the FLSA without pleading any facts to support such a claim. Further, even if Plaintiff's individual claims under the FLSA and NYLL were sufficiently pled (which they are not), his class and collective claims should be dismissed. Plaintiff pleads a putative class and collective action against Defendants involving

---

[1] The Anthem Companies, Inc. never employed Plaintiff.

"all non-managerial employees of the Retention Department" without factual support. For example, the FAC does not describe the job titles, job duties, or pay provisions of the proposed collective or class. To the contrary, Plaintiff merely parrots the elements of the applicable legal standards for certification under the FLSA and Rule 23 and asserts in boilerplate fashion that these standards are met. Such a bare-boned pleading of a broad purported class and collective should not be permitted to proceed.

Second, Plaintiff's age discrimination claims under New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") should be dismissed. Given that Plaintiff insufficiently pled his FLSA claims under federal law, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state and city law claims. Further, Plaintiff's city law claim is improperly pled because NYCHRL requires that Plaintiff plead facts to establish that the discrimination actually occurred within New York City. The Amended Complaint contains no such allegations.

As such, Defendants respectfully request that this Court dismiss the Amended Complaint in its entirety.

## **<u>STATEMENT OF FACTS</u>**

Plaintiff alleges that he worked for Defendants from approximately May 2005 until January 2017. (FAC, ¶¶ 27-30). From approximately May 2005 until November 2006, Plaintiff worked as a Facilitated Enroller. (FAC, ¶¶ 27-28). Thereafter, Plaintiff claims he moved to the Retention department where he worked as a Retention Representative. (FAC, ¶ 28). As a Retention Representative, Plaintiff alleges that he made house visits to gather missing information for clients' Medicaid and long-term care service applications. *Id.* In this role, Plaintiff alleges he was paid on an hourly basis and "typically" worked "approximately 5-15 hours overtime per week, every week." *Id.*

In or about April 2016, Plaintiff alleges that he was promoted to the role of Senior Medicaid Representative.  As a Senior Medicaid Representative, Plaintiff alleges he "made house visits and calls to enroll or recertify prospective and managed long-term clients."  (FAC, ¶ 29).  Plaintiff alleges he worked approximately "5-15 overtime hours per week, every week.."  *Id.*

Plaintiff purports to seek both a FLSA collective action and a Rule 23 class action.  The proposed collective and class are both defined to include all of Defendants' non-managerial employees in the Retention Department for the six years prior to the filing of the Complaint.  (FAC, ¶ 16, 19).  The Amended Complaint does not specify which positions are include, the duties of those positions, or how those positions are similar and the common pay or practice that binds the class together.

Finally, Plaintiff alleges age discrimination claims under NYSHRL and NYCHRL. Plaintiff alleges that "[i]n or about June 2016, Plaintiff Rivera suffered a heart attack and had to take time off. . ."  (FAC, ¶¶ 30).  "When he returned to work, however, he repeatedly faced inappropriate comments from his manager Erwin Lawrence and other supervisors . . . and was called an 'old man'. . . and repeatedly was told that he is slow."  *Id.*  Plaintiff alleges that he reported these issues, and six months after the heart attack he was terminated "*solely* due to his age."  *Id.*  Plaintiff fails to identify who the decision-maker was, where the termination took place, or why he believes that he was terminated solely because of his age.

## ARGUMENT

### I.    Applicable Legal Standard.

To survive a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

Federal courts have applied the *Twombly* and *Iqbal* pleading requirements to both individual and collective claims made pursuant to the FLSA, as well as Rule 23 class claims.  *See, e.g., Nakahata v. New-York-Presbyterian Healthcare Sys.,* 723 F.3d 192, (2d Cir. 2013) (affirming the Southern District of New York's dismissal of plaintiffs' FLSA and NYLL overtime claims because plaintiffs failed to plead a well-pled complaint under *Twombly* and *Iqbal*); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (holding that, for class allegations, *Twombly* requires the complaint to "indicate who [the class members] are, and allege facts that would entitle them to relief"); *Zamora v. Washington Home Servs., LLC*, No. 11-CV-00831 AW, 2011 WL 6297941, at *3 (D. Md. Dec. 15, 2011) (granting defendant's motion to dismiss and holding "[t]he allegation that [defendant] did not pay [plaintiff] (and others similarly situated) overtime wages is also a legal conclusion"); *Mell v. GNC Corp.,* No. 10-945, 2010 WL 4668966, *9 (W.D. Pa. Nov. 9, 2010) (applying *Twombly* to find that plaintiffs failed to provide factual allegations to support their "off-the-clock" claims); *Acosta v. Yale Club,* No. 94 Civ. 08888, 1995 U.S. Dist. LEXIS 14881, at *7-10 (S.D.N.Y. Oct. 5, 1995) (dismissing plaintiffs' overtime claims because bare assertions were not enough to allege violations under the FLSA).

## II.   Plaintiff Failed To Properly Plead Any Facts Supporting His Individual FLSA And NYLL Claims.

To establish violations under the FLSA and NYLL[2], Plaintiff "must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp.*, 507 F.3d 117, 121 (2d Cir. 2007). The FAC fails to meet this standard and instead merely parrots the legal elements of the various claims.

A trilogy of Second Circuit opinions from 2013- *Lundy, Nakahata* and *Dejesus*, are regularly relied upon to illustrate the contours of specificity required by *Twombly* and *Iqbal* in the circuit to state an overtime claim under the FLSA and NYLL. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir . 2013); *Nakahata,* 723 F.3d 192, (2d. Cir. 2013); *Dejesus,* 726 F. 3d 85 (2d Cir. 2013).

In *Lundy* , the Second Circuit held that plaintiffs failed to state an FLSA claim because they did not allege a "single workweek in which they worked at least [forty] hours and also worked uncompensated time in excess of [forty] hours" and needed to do more than merely plead that they worked "occasional" overtime. *Lundy*, 711 F.3d at 114-15; *see also id*. at 114 n.7 (noting that an approximation of hours worked per week "may help draw a plaintiff's claim closer to plausibility"); *Dejesus*, 726 F.3d at 88 ("[The Second Circuit] reasoned that the *Lundy* plaintiffs had failed to allege that they worked uncompensated overtime because, although the employees went to some lengths to approximate the hours they typically worked, even setting out their typical breaks and

---

[2] The requirements to state FLSA and NYLL overtime violations are largely the same, therefore, any conclusions about the FLSA allegations should apply equally to the NYLL state law claims. *Dejesus v. HF Mgmt. Servs., LLC,* 726 F. 3d 85, 89 n. 5 (2d Cir. 2013); *see also Werst v. Sarar USA Inc.,* No. 17 CV. 2181 (VSB), 2018 WL 1399343, at *5 (S.D.N.Y. Mar. 16, 2018) ("The overtime requirement under the NYLL is identical to the requirement under the FLSA for purposes of this motion [Rule 23(b)(6).")); N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2 (employing the same method as FLSA for calculating overtime wages).

shift lengths, the hours alleged did not add up to a claim that over forty hours had been worked in any particular week ." ) .

Next, in *Nakahata*, the plaintiffs alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours," but the Second Circuit  found the claims insufficiently alleged because it only "raise[d] the possibility that [the] [p]laintiffs were undercompensated." *Nakahata*, 723 F.3d at 199, 201. To plausibly plead, the court stated that the plaintiffs needed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* at 201; *see also Dejesus*, 726 F.3d at 89 (second alteration in original) (quoting *Nakahata*, 723 F.3d at 201) ("[The Second Circuit in *Nakahata*] concluded that the allegations lacked the 'specificity' required, because though they 'raise[d] the possibility' of an overtime claim, 'absent any allegation that Plaintiffs were scheduled to work forty hours in a given week ,' they did not state a plausible claim for relief.").

Finally, in *Dejesus*, the plaintiff pled that she worked more than forty hours a week in "some or all weeks" without being paid "1.5 times her rate of compensation ." *Dejesus*, 726 F.3d at 89 (internal quotation marks omitted) . The Second Circuit found these allegations insufficient to state a claim because the plaintiff only repeated FLSA's statutory language and failed to "estimate her hours in any or all weeks or provide any other factual context or content. " *Id.*; *see id*. at 87 (quoting the district court's observation that the plaintiff failed to state a claim for overtime violations because she did not "set forth the precise position she held, any approximation of the

number of unpaid overtime hours worked , her rate of pay, or any approximation of the amount of wages due").[3]

Following this line of authority leads to the conclusion that Plaintiff's individual FLSA and NYLL claims are insufficiently alleged.  Plaintiff alleges that he "typically had to work 1-3 additional hours per day, which resulted in approximately 5-15 hours overtime per week, every week."  (FAC, ¶¶ 28, 29) (emphasis added).   Plaintiff claims he "typically" or "approximately" worked a range of overtime hours in his jobs, but he does not plead his allegations with sufficient specificity.  In fact, courts in this Circuit routinely dismiss FLSA and NYLL claims under these circumstances.  *See, e.g.*, *Bustillos v. Acad. Bus, LLC,* No. 13 Civ. 565-AJB, 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014 (dismissing FLSA overtime claim because "there should be sufficient factual allegations in the Amended Complaint- rather than a general and conclusory allegation as to the number of hours routinely worked"); *Cromwell*, 2013 U.S. Dist. LEXIS 64914, at *4 (dismissing FLSA overtime claim based on allegations of the hours plaintiff "typically" worked without pointing "to any particular workweek . . . during which [plaintiff] worked uncompensated time more than 40 hours"); *James*, 849 F. Supp. 2d at 321 (dismissing FLSA and NYLL overtime claim because plaintiff failed to include any factual allegations, such as the number of hours he

---

[3] A host of New York federal Courts have followed the Second Circuit's reasoning and held that a plaintiff must identify at least one week where he or she worked over 40 hours without compensation.  See, e.g., *Cromwell v. New York City Health & Hosp. Corp.*, No. 12 Civ. 4251, 2013 2-13 U.S. Dist. LEXIS 64914, at *4 (S.D.N.Y. May 15, 2013) (dismissing FLSA overtime claim based on allegations of the hours plaintiff "typically" worked without pointing "to any particular workweek . . . during which [plaintiff] worked uncompensated time more than 40 hours") (emphasis in original); *James v. Countrywide Financial Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) (dismissing FLSA and NYLL overtime claim because plaintiff failed to include any factual allegations, such as the number of hours he allegedly worked without overtime, to support his conclusory allegations).  Plaintiff's generalized and vague allegations are simply insufficient to state a claim under the FLSA or NYLL.

allegedly worked without overtime, to support his conclusory allegations)[4]; *Johnson v. Equinox Holdings, Inc.,* No. 13-CIV-6313, 2014 U.S. Dist. LEXIS 91786, at * 13 (S.D.N.Y. July 2, 2014) (granting defendant's motion to dismiss when plaintiff made generalized statements of his off the clock overtime hours). Because the Amended Complaint fails to plead facts sufficient to support a plausible claim for overtime under the FLSA or NYLL, Plaintiff's First and Second Claims For Relief should be dismissed.

### III.    Plaintiff's Willfulness Allegations Must Be Dismissed.

The FLSA's two-year statute of limitations can be extended to three years if there is a willful violation.  *See* 29 U.S.C. § 255.  To establish such a violation, a plaintiff must show that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Marshall ex rel. All Others v. UBS Fins. Servs.,* 2015 U.S. Dist. LEXIS 88048, at *9 (S.D.N.Y. July 6, 2015) (citing *Frazier v. Gen Elec. Co.,* 930 F.2d 1004, 1008 2d Cir. 1991).  "To satisfy the *Iqbal* pleading requirements, 'it is insufficient to merely assert that the employer's conduct was willful; the court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation.'"  *Ochoa v. Pearson Educ., Inc.,* 2012 U.S. Dist. LEXIS 3802, at *3 (D.N.J. Jan. 12, 2012) (quoting *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010)).

The plaintiff in *Ochoa*, for example, alleged that he was misclassified as an exempt,

---

[4] The court in *James* dismissed plaintiff's FLSA and NYLL claims because plaintiff failed to "provide information about the nature, frequency, or duration of [his] allegedly uncompensated work." *Id.*  at 320.  Further, the complaint did "not state what kind of work [was] at issue or when the work [was] allegedly performed."  *Id.*   Like in this case, the overtime could have occurred at any point in time during plaintiff's tenure with the company, but plaintiff failed to allege with enough specificity when the alleged violations took place.  *Id.* at 321.  In granting defendant's motion to dismiss, the court held that plaintiff "failed to include other factual allegations necessary to sustain his FLSA and NYLL claims" and "plaintiff has done little more than assert in vague and conclusory manner, his entitlement to overtime compensation under the FLSA and NYLL."  *Id.*

salaried employee and instructed not to record more than 40 hours per week on his timecards, regardless of the number of hours worked. *Id.* at *3. He also alleged that the defendant "had no good faith basis for believing that their pay practices . . . were in compliance with the law." *Id.* (internal quotations marks omitted). The court found that "[t]hese allegations do not rise significantly above legal conclusions," and that, "[s]imply put, the facts alleged . . . are insufficient to support a finding of willful violations of the FLSA." *Id.*

Plaintiff's willfulness claim is just as thin as the plaintiff in *Ochoa*. Like the claimant in *Ochoa*, Plaintiff concludes that "Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA over time rate (of time and one-half) or the state overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week by improperly misclassifying them as exempt." (FAC, ¶ 32). Plaintiff fails to assert any facts to support their legal conclusions. As in *Ochoa*, Plaintiff offers no facts to support a claim for willfulness. Thus, this Court should dismiss the allegation.

## IV.   Plaintiff's Class And Collective Claims Should Be Dismissed.

Even if Plaintiff's individual claims under the FLSA and NYLL were sufficiently pled survive a motion to dismiss (which they are not), his class and collective claims should be dismissed.

### A.   Plaintiff's FLSA Collective Action Claims Should be Dismissed Because They Are Insufficiently Pled.

Plaintiff purports to seek an FLSA collective action on behalf of "all non-managerial employees of the Retention Department (including, but not limited to, representatives who performed outreach, facilitated enrollment, and/or recertified clients) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein

("FLSA collective Plaintiffs")."   (FAC, ¶ 16).   Leaving aside that the maximum statute of limitations period under the FLSA is three, not six years as Plaintiff claims, Plaintiff's collective action claim should be dismissed because he fails to allege any facts whatsoever to support the claim that other employees are "similarly situated" in terms of job duties, pay, or a common policy in violation of the FLSA.

"[W]here a plaintiff brings a [wage-and-hour] claim for and on behalf of himself and other employees similarly situated, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief."  *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628, 630 (S.D.N.Y. 2007) (internal quotations and citation omitted)).  The mere conclusion that others are similarly situated, absent facts that establish how they may be similar, is not enough to survive a motion to dismiss.  *See, e.g.*, *St. Croix v. Genentech, Inc.*, No. 8:12-CV-891, 2012 U.S. Dist. LEXIS 86742, at *3 (M.D. Fla. June 22, 2012) (finding that a complaint providing only the plaintiff's job title and failing to describe his job, the jobs or titles of putative class members, or their pay provisions, did not satisfy *Twombly* and *Iqbal*); *Creech v. Holiday CVS, LLC*, No. 11-CV-46, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) (concluding the claim that other members of the putative collective are "similarly situated" because they "performed the same or similar job duties in that they 'provided customer services' for the defendants" is "not descriptive enough to give rise to a plausible right to relief" and granting motion to dismiss/strike "the collective action component of the plaintiff's claim under the FLSA") (internal quotation marks omitted); *Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10-CV-633, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) ("[T]here is no description of the job duties . . . of the proposed similarly situated employees in the complaint . . . plaintiff merely seeks relief on behalf of 'all similarly situated employees.'  This phrase is a legal conclusion and, absent some factual elaboration, is

insufficient to satisfy *Twombly's* and *Iqbal's* pleading bar."); *Kemp v. Target Corp.*, No. 1:12-CV-3858, 2013 WL 5289799, at *3 (N.D. Ala. Sept. 18, 2013) ("The allegations that the putative class members are 'similarly situated female employees who work as Team Leads' and 'all other female Team Leaders' who perform work requiring 'equal skill, effort and responsibility' 'under similar working conditions' as male employees, are exactly the type of 'formulaic recitation of the elements of a cause of action' which *Iqbal* states 'will not do.'") (citations omitted).

Plaintiff alleges the legal conclusion that he is similarly situated to "all non-managerial employees of the Retention Department (including, but not limited to representatives who performed outreach, facilitated enrollment, and/or recertified clients)." (FAC, ¶ 16). But he does not provide any factual basis to support such a conclusion. The Amended Complaint lacks allegations of "primary job duties" of the putative collective action members, who these "similarly titled" employees might be, where they worked for Defendants, or how they were paid. Merely repeating the term "similarly situated" does not make it so. Such an approach falls short of the pleading standards established by the Supreme Court in *Twombly* and *Iqbal*, and this Court should dismiss Plaintiff's collective action allegations.

> **B.    Plaintiff's New York Rule 23 Class Claim Should Be Dismissed Because It Is Insufficiently Pled.**

Plaintiff's New York Rule 23 class claim should also be dismissed because Plaintiff fails to allege sufficient facts required entitling the putative class to relief. Plaintiff alleges "Defendants knowing and willfully violated Plaintiff and Class Members' rights by failing to pay them the proper overtime compensation . . ." (FAC, ¶ 49). The Amended Complaint states "that Rule 23 class members are "all non-managerial employees of the Retention Department (including, but not limited to, representatives who performed outreach, facilitated enrollment, and/or recertified clients). (FAC, ¶ 19). As explained *supra,* this class is not well-defined.

Rule 23 directs the court to determine whether to certify a class action at "an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). In the employment class action context, courts have repeatedly rejected similar allegations that simply "recite[] the statutory language setting forth the elements of the claim, and then slavishly repeat[] the statutory language as to the purported factual allegations." *Ovieda v. Sodexo Operations, LLC*, No. CV-12-1750-GHK, 2012 U.S. Dist. LEXIS 173844, *6 (C.D. Cal. May 7, 2012). In *Oveida,* the court dismissed plaintiff's "troubling" class allegations and stated that "merely alleg[ing] that her claims are 'typical of the class'" was not enough. *Id.* at 10-11. Here, Plaintiff also merely alleges "Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class." (FAC, ¶ 22). Plaintiff does not identify what exactly these typical claims are.

Plaintiff states that "Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week by improperly misclassifying them as exempt." (FAC, ¶ 32). If this is Plaintiff's attempt to bind the class together, it makes no sense because Plaintiff was always classified as non-exempt. To adequately assert class allegations, Plaintiff must allege facts that would plausibly suggest that members of the putative class are subjected to the same offending policies. *See Mendez v. H.J. Heinz Co., L.P., No. CV125652GHKDTBX,* 2012 WL 12888526, at *4 (C.D. Cal. Nov. 13, 2012) (dismissing plaintiff's class allegations in his amended complaint where plaintiff alleged that an entire class was subject to the same improper rounding policies, the court held that these allegations did not show a factory-wide or state-wide violation to bind the class together). Similarly here,

Plaintiff has not alleged any facts that show he was similar to any other non-managerial members of the retention department.  As such, Plaintiff's bare class allegations should be dismissed.

**V.      This Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Claims Under NYLL, NYSHR, NYCHR When Plaintiff's Federal Claim is Improperly Pled.**

Assuming this Court agrees with Defendants' position that Plaintiff's FLSA claims are improperly pled, this Court should also dismiss Plaintiff's state and city law claims.  Plaintiff alleges that "[t]his Court has . . . supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367."  (FAC, ¶ 5).  A "district court may, in its discretion exercise supplemental jurisdiction" over state law claims when there are pending federal law claims.  *Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 31 F.3d 89, 103 (2d Cir. 1994).  Once the federal law claims are dismissed, this Court will only be left with Plaintiff's state law claims.

A "district court [] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity, in deciding whether to exercise jurisdiction." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (citations and internal quotation marks omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7, (1988).

Here, this Court should find that judicial economy, convenience, and fairness would not be served by this Court exercising supplemental jurisdiction over Plaintiff's state law claims until Plaintiff has adequately alleged a federal cause of action, and to do so would be inconsistent with the principle of comity.  *Chen v. Major League Baseball,* 6 F. Supp. 3d 449, 460-61 (S.D.N.Y.

2014) (dismissing plaintiff's state law claims and declining supplemental jurisdiction after determining that plaintiff's federal claims were poorly pled); *Grimes v. Fremont Gen. Corp.,* 785 F. Supp. 2d 269, 302 (S.D.N.Y. 2011) (granting defendant's Rule 12(b)(6) motion to dismiss and denying to exercise supplemental jurisdiction over plaintiff's state law claims); *See, e.g.*, *Elgendy v. City of New York*, No. 99 Civ. 5196, 2000 U.S. Dist. LEXIS 11085, at *6 (S.D.N.Y. Aug. 7, 2000) (declining to exercise supplemental jurisdiction over state and city-law claims after granting the defendant's motion to dismiss the federal claims).

In addition to the lack of original jurisdiction, Plaintiff does not sufficiently plead that he is covered by the NYCHRL he asserts.  NYCHRL only applies where the actual impact of the discriminatory conduct or decision is felt within the five boroughs, even if a discriminatory decision is made by an employer's New York City office.  *Wahlstrom v. Metro-North Commuter R.R.*, 89 F. Supp. 2d 506, 527 (S.D.N.Y. 2000).  Plaintiff alleges that he is a resident of Queens County, New York.  (FAC, ¶ 9).  Plaintiff also alleges that "Defendants maintains offices and hires employees throughout the State of New York," but does not specify which cities in New York.  (FAC, ¶ 12).  Plaintiff explains that his position required him to make house visits, but never states the location of the homes or where he worked.  (FAC, ¶¶ 28, 29).  Plaintiff further states that after suffering a heart attack in June 2016, he was called an "old man" by his supervisor.  (FAC, ¶ 30).  In January 2017, Plaintiff alleges that he was terminated "solely due to his age."  *Id.*  Plaintiff failed to plead any facts regarding where Defendants are located, where Plaintiff worked, where his manager worked, where the alleged discriminatory acts occurred, or where the actual impact of the discriminatory conduct was felt.  As such, Plaintiff's NYCHRL claim is deficient and should be dismissed.

## **CONCLUSION**

For the reasons outlined in this brief, Plaintiff's individual, collective, and class action allegations wholly fail to set forth a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's claims in their entirety.

Dated:  June 25, 2018            SEYFARTH SHAW LLP


By: */s/ Jeffrey L. Glaser*
    Brett C. Bartlett
    bbartlett@seyfarth.com
    Jeffrey Glaser (admitted *pro hac vice*)
    jglaser@seyfarth.com
    Ariel D. Fenster  (admitted *pro hac vice*)
    afenster@seyfarth.com
    1075 Peachtree Street, N.E., Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

    Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JORGE RIVERA,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

     Plaintiff,

THE ANTHEM COMPANIES, INC.
f/k/a THE WELLPOINT COMPANIES, INC.,
and HEALTHPLUS HP, LLC d/b/a EMPIRE
BLUECROSS AND BLUESHIELD HEALTH
PLUS f/k/a AMERIGROUP NEW YORK, LLC

     Defendants.

Case No. 1:18-cv-01420

---

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of June, 2018, I electronically filed the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**PLAINTIFF'S FIRST AMENDED COMPLAINT** with the clerk of court using the CM/ECF

system, which will send notification of such filing to the following:

C.K. Lee
Anne Seelig
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York  10016

              /s/ *Jeffrey Glaser*
              Jeffrey Glaser