# Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:  212-661-1008
anne@leelitigation.com

April 1, 2019

**Via ECF**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:   *Rivera v. The Anthem Companies, Inc., et al.*
                Case No. 18-cv-01420-GHW

Dear Judge Woods:

    We are counsel for Plaintiff in the above-referenced matter and respectfully submit this letter, jointly with counsel for Defendants, in accordance with the Court's Order dated March 27, 2019 (ECF Dkt. No. 46). The initial pretrial conference is scheduled for April 8, 2019, at 3:45 p.m.

**(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

Plaintiff:

    Plaintiff brings this putative class and collective action Complaint against Defendants, alleging on behalf of himself and similarly situated employees that Defendants (1) failed to properly pay overtime compensation, and (2) failed to provide proper wage notices and wage statements, in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff further alleges that he was deprived of his statutory rights as a result of Defendants' unlawful discrimination practices pursuant to the New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), New York City Human Rights Law and the Administrative Code of the City of New York § 8-107 ("NYCHRL"), and brings this action against Defendants to recover (1) economic damages (2) compensatory damages for emotional distress, (3) punitive damages and (4) attorneys' fees and costs.

    From November 2006 to March 2016, Plaintiff worked in the Retention department as a Retention Representative. Throughout his employment as a Retention Representative, Defendants paid Plaintiff $25.50 per hour for 40 hours of work. However, to meet his production quota of recertifying at least one hundred (100) members a month, he typically had to work 1-3 additional hours per day, which resulted in approximately 5-15 hours overtime per week, every week. He was not compensated at all for his overtime hours worked. In or about April 2016, Defendants promoted Plaintiff to the position of Senior Medicaid Representative. Defendants

paid Plaintiff $28.50 per hour for 40 hours of work. Again, to ensure that he could meet his quota to enroll or recertify around 200-300 members a month, Plaintiff was required to work 1-3 additional hours per day, which resulted in approximately 5-15 overtime hours per week, every week. He was not compensated at all for his overtime hours worked.

In or about June 2016, Plaintiff suffered a heart attack and took off of work until September 2016, when he returned to work. He was required to take time off again in November to December 2016 for one month, for a necessary medical procedure. When he returned to work, he repeatedly faced inappropriate comments from his manager Erwin Lawrence and other supervisors. He was called an "old man" by Erwin and repeatedly was told that he is slow. Plaintiff felt extremely uncomfortable and pressured by these recurring comments, and reported these issues to a manager. Defendants failed to take any remedial actions and in or about January 2017, Plaintiff was terminated due to his age.

Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the state overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week. Although Plaintiff was working overtime, his managers repeatedly advised him not to mark these overtime hours on his timesheet. Defendants have been sued previously for wage and hour violations should have known that their pay practices, including but not limited to, failure to pay overtime, were improper.

Further, Defendants never provided Plaintiff, FLSA Collective Plaintiffs and Class Members with proper wage notices or wage statements, as required under the NYLL. Based on Plaintiff's observations and conversations with his co-workers, other employees of Defendants were similarly deprived of overtime pay due Defendants' pay policies and practices.

Defendants:

Plaintiff never worked for Defendant The Anthem Companies, Inc., which was simply a payroll processor. Instead, Defendant worked for HealthPlus HP, LLC (the "Company"). He worked in the Company's retention department from approximately 2005 to 2016, when he transferred to a different department. Plaintiff held a unique job in the retention department. Unlike almost every other employee in this department, Plaintiff performed most of his work on the road, making in-home visits to customers. As a result, his job duties and time reporting practices varied drastically from nearly all other employees in his department.

There is no basis for Plaintiff's claims. The Company's policies expressly prohibit off-the-clock work, and it has processes in place to prevent such work. Plaintiff submitted his own time each week and, in doing so, repeatedly certified that his time was accurate. To the extent he underreported his time, Plaintiff violated Company policy and lied to his supervisors. In fact, the Company ultimately terminated Plaintiff for falsifying his time records. Further, there is no evidence to support Plaintiff's age discrimination claim, based solely on the alleged comments of one of his former managers.

**(2) A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue.**

Plaintiff contends that this Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff believes that venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

Defendants agree that venue is proper and this Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act.

**(3) A brief description of any (i) motions that any party seeks or intends to file, including the principal and legal and other grounds in support of and in opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference.**

<u>Plaintiff</u>:

(i) Plaintiff intends to move for (a) conditional collective certification under the FLSA, (b) class certification under Fed. R. Civ. P. 23, and (c) summary judgment. In addition, Plaintiff intends to move for leave to file a second amended complaint to include the claims of Niurka Abreu, who has filed a consent to sue in this action. Should Defendants consent to the filing of the second amended complaint, such motion may be unnecessary.

(ii) There are currently no pending motions, and (iii) Plaintiff does not plan to make any other applications at the conference.

<u>Defendants</u>:

(i) Defendants intend to move for summary judgment as there is no basis to Plaintiff's claims and Defendant Anthem Companies, Inc. never employed Plaintiff. As there is also no basis for FLSA collective or Rule 23 class certification, Defendants anticipate filing appropriate motions to establish the absence of grounds to proceed to judgment on a representative or otherwise certified basis. Defendants also anticipate that the parties -- either jointly or apart -- will move the Court to enter an order or orders managing or limiting discovery, should the Court grant conditional collective or class certification.

(ii) There are currently no pending motions, and

(iii) Defendants do not plan to make any other applications at the conference.

**(4) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings.**

The parties have exchanged employment documents prior to the SDNY mediation, however, there has been no formal discovery by either party to date.

Plaintiff:

Plaintiff will seek production of all records detailing hours worked and compensation paid to Plaintiff and potential collective and class members. Plaintiff will serve interrogatories on, and require depositions of, all relevant managers and owners of Defendants, as well as any individuals identified by Defendants in their Rule 26 disclosures.

Defendants:

Defendants will serve written discovery requests to and require depositions of Named Plaintiff Rivera, Opt-In Plaintiff Niurka Abren, and individuals identified by Plaintiff in his Rule 26 disclosures.  Defendants will also serve written discovery to and require depositions of any opt-ins and members of any certified class.

**(5) A computation of each category of damages claimed**

Plaintiff has provided Defendants with a computation of damages for Jorge Rivera. However, such damages computation does not include damages for the opt-in plaintiff, Niurka Abreu, or for class-wide liability.

**(6) Status of any settlement discussions and whether the parties would like a settlement conference.**

The parties have engaged in preliminary settlement discussions and have participated in mediation through the SDNY Mediation Program. The parties intend to further explore the topic of settlement as the litigation proceeds, but do not request a settlement conference at this time.

**(7) Any other relevant information**

None at this time.


Respectfully submitted,

*/s/ Anne Seelig*
Lee Litigation Group, PLLC

*/s/ Jeffrey L. Glaser*
Seyfarth Shaw LLP


cc:     all parties via e-mail