USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
JORGE RIVERA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

                                  Plaintiff,

-against-

THE ANTHEM COMPANIES, INC.,
   f/k/a THE WELLPOINT COMPANIES, INC.,
and HEALTHPLUS HP, LLC
   d/b/a EMPIRE BLUECROSS and
   BLUESHIELD HEALTH PLUS
   f/k/a AMERIGROUP NEW YORK, LLC,

                                  Defendants.
------------------------------------------------------------------X

1:18-cv-01420-GHW

<u>ORDER</u>

GREGORY H. WOODS, United States District Judge:

      Plaintiff Jorge Rivera claims that he was employed by The Anthem Companies, Inc. and Healthplus HP, LLC (collectively, "Defendants") in several non-managerial positions—Facilitated Enroller, Retention Representative (or Associate), and Senior Medicaid Representative—at two of Defendants' New York City offices from November 2006 until January 2017. He filed this action on February 16, 2018, alleging that Defendants, his former employers, violated various provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law.

      Plaintiff now moves for conditional certification of a collective action, relying on his own declaration, the declaration of Niurka Abreu, a former co-worker and opt-in plaintiff, and various documentary exhibits. *See* Dkt. Nos. 60, 61, 62. He seeks certification of a nationwide collective, comprised of all non-exempt employees of Defendants who worked in customer service positions, including but not limited to the positions held by Plaintiff (the "Covered Employees"), during the

six years prior to the filing of Plaintiff's complaint.[1]  *See* Dkt. No. 59, Ex. 1.  Mr. Rivera also seeks court-facilitated notice of this action and the Court's approval of his proposed notice and consent form.  He asks the Court to order posting of the notice and consent forms in Defendants' offices and to authorize the dissemination of these documents to members of the proposed collective.  To facilitate this process, Mr. Rivera seeks the production of a list of all Covered Employees who worked for Defendants in the six years prior to the date of this order, which would include the names, titles, office locations, compensation rates, periods of employment, mailing addresses, email addresses, and telephone numbers of each Covered Employee.  *See* Dkt. No. 59, Ex. 1.

Defendants oppose conditional certification, arguing that:  (1) the proposed collective is unclear and overbroad, and includes employees who are not similarly situated; (2) Plaintiff has failed to adequately identify or prove the existence of an unlawful common policy or plan because Defendants' official policies comply with the FLSA; and (3) the evidence presented by Plaintiff does not justify conditional certification of a nationwide collective.  *See* Dkt. No. 68.

The FLSA provides that an action for unlawful employment practices may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Unlike class actions, FLSA collective actions need not satisfy the requirements of Fed. R. Civ. P. 23, and only plaintiffs who "opt in" by filing consents to join the action are bound by the judgment.  *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12-cv-8629 (KPF), 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013).  District courts have "'discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."  *Myers v. Hertz Corp.*, 624 F.3d 537, 554-

---

[1] The Court notes that although Plaintiff's proposed notice is addressed to individuals employed by Defendants between February 16, 2012—six years before the filing of the complaint in this action—and the present, Plaintiff in his memorandum of law requests that Defendants provide him with a list of Covered Employees employed by Anthem within the six years prior to the date of entry of this order.

2

55 (2d Cir. 2010) (quoting *Hoffman–La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989)) (alteration in original).

The Second Circuit has approved a two-step method to certify FLSA collective actions. *Myers,* 624 F.3d at 555. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* Courts may approve sending notice if "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). Although "unsupported assertions" are not sufficient, the factual showing required "should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (emphasis in original); *see also Damassia v. Duane Reade, Inc.,* No. 04-cv-8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) ("[A] plaintiff's burden at this preliminary stage is minimal." (quotations omitted)).

"This initial burden is limited, in part, because the determination that the parties are similarly situated is merely a preliminary one and may be modified or reversed" at the second stage of the inquiry. *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) (quotations omitted). This second stage occurs after notice is sent, the opt-in period ends, and discovery closes. *Mendoza,* 2013 WL 5211839, at *2. At this point, the district court will have a "fuller record" and can then "determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers,* 624 F.3d at 555.

Having evaluated the parties' submissions, the Court concludes that Plaintiff has met the limited burden, applicable at this stage, for demonstrating entitlement to conditional certification—albeit of a much narrower collective than Plaintiff purposes. The declarations submitted by Plaintiff

3

and Ms. Abreu in support of Plaintiff's motion allege that they and at least sixteen other non-managerial Retention Associates and Facilitated Enrollers employed by Defendants in six of Defendants' New York City offices were victims of employment practices that violated the FLSA. *See* Dkt. Nos. 61, 62. Specifically, Plaintiff and Ms. Abreu claim that Defendants maintained an informal policy forbidding employees from accurately reporting overtime hours that the employees were required to work in order to meet otherwise unattainable productivity quotas.[2] *See* Dkt. No. 60 at 8-12. Defendants' contentions regarding the supposed lawfulness of their written and official employment policies ask the Court to undertake "the very type of premature merits determination that is proscribed at the preliminary certification stage." *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 447 (S.D.N.Y. 2013).

Similarly, with respect to the various declarations of current employees submitted by Defendants in opposition to Plaintiff's motion—which Defendants claim undermine Plaintiff's assertion that he was similarly situated to other employees—"[c]ourts in this Circuit regularly conclude that competing declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process." *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 449 (S.D.N.Y. 2013) (quotation omitted); *see also, e.g.*, *In re Penthouse Exec. Club Comp. Litig.*, No. 10-cv-1145 (NRB), 2010 WL 4340255, at *4 (S.D.N.Y. Oct. 26, 2010) (defendants' submission of competing declarations "amounts to a premature request to make credibility determinations and factual findings, something that is inappropriate at the notice stage").

---

[2] Although Defendants point to the differing productivity goals described by Plaintiff and Ms. Abreu in their declarations as evidence that employees in Plaintiff's and Ms. Abreu's positions are not similarly situated, *see* Dkt. No. 68 at 14-17, it is well established that "the proposed collective need not be 'identical in every possible respect,'" but rather that its potential members should be "similarly situated with respect to the allegedly unlawful policy or practice." *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 479 (S.D.N.Y. 2016) (quoting *Chowdhury v. Duane Reade, Inc.*, No. 06-cv-2295 (GEL), 2007 WL 2873929, at *5 (S.D.N.Y. Oct. 2, 2007)).

4

However, neither Plaintiff nor Ms. Abreu claims to have personal knowledge of similar unlawful employment practices at any of Defendants' locations other than those where they worked, and Plaintiff presents no additional evidence that would support an inference that employees across the country were subjected to similar practices. The "nationwide policies" to which Plaintiff points in support of his proposed collective say nothing whatsoever about performance goals for individual employees. *See* Dkt. No. 60, Ex. L. And Plaintiff's and Ms. Abreu's claims that their individual managers told them not to record overtime hours at most support the inference of a localized policy. As such, although the Court concludes that Plaintiff has met the lenient evidentiary standard for demonstrating that he and other non-managerial Retention Associates, Facilitated Enrollers, and Medicaid Representatives employed by Defendants in New York City offices are similarly situated, Plaintiff has not presented sufficient evidence to support conditional certification of the broad nationwide collective that he proposes. *See, e.g.*, *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 800 (S.D.N.Y. 2012), *report and recommendation adopted*, No. 09-cv-9575 (LAP) (GWG), 2012 WL 2588771 (S.D.N.Y. July 2, 2012) (denying conditional certification of a nationwide collective where plaintiff presented "no evidence . . . that could plausibly lead to the inference that [assistant store managers] nationwide are performing non-exempt tasks" besides the testimony of five employees in New York City stores); *Anglada v. Linens 'N Things, Inc.*, No. 06-cv-12901 (CM) (LMS), 2007 WL 1552511, at *4-6 (S.D.N.Y. Apr. 26, 2007), *report and recommendation adopted*, (S.D.N.Y. May 22, 2007) (declining to certify nationwide class when plaintiff offered no supporting declarations from similarly situated employees at any out-of-state locations).

Finally, although Plaintiff seeks to certify a collective comprised of employees dating back six years from the filing of his complaint, the maximum statute of limitations available under the FLSA (applicable to willful violations) is three years. 29 U.S.C. § 255. As the Court has previously noted, "courts in this Circuit have approved both three- and six-year notice periods." *Ramos v. Platt*, No. 1:13-cv-8957-GHW, 2014 WL 3639194, at *4 (S.D.N.Y. July 23, 2014) (citing *Trinidad v. Pret A*

*Manger (USA) Ltd.*, 962 F.Supp.2d 545, 563 (S.D.N.Y. 2013)). While those courts that have adopted six-year periods have referenced the supposed "economy of providing notice to plaintiffs with FLSA claims who may also have NYLL claims subject to a six-year statute of limitations," cases using three-year periods "have cited the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred." *Trinidad*, 962 F.Supp.2d at 564. Here, the Court finds that a three-year period is appropriate, because there is no reason to send notice to employees whose claims would be time-barred under the FLSA. *See Lujan v. Cabana Mgmt., Inc.*, No. 10-cv-755 (ILG), 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011). Furthermore, there is little purpose in providing notice to employees who were employed by Defendants within the three years prior to the filing of Plaintiff's complaint, which occurred on February 16, 2018, because the statute of limitations for a potential opt-in plaintiff continues to run until she files a consent to sue with the Court. *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 660 (S.D.N.Y. 2013). However, the Court agrees with Plaintiff that the statute of limitations on potential opt-in plaintiffs' claims should be tolled from the time that this motion was filed until the date that Plaintiff is able to effectuate notice to the potential collective members. "While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delay in rulings." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012); *see also Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014). The Court therefore concludes that the appropriate time frame for the collective is three years prior to the date on which Plaintiff filed his motion for conditional certification, or May 10, 2019.

Accordingly, the Court grants conditional certification of a collective of non-managerial Retention Associates, Facilitated Enrollers, and Medicaid Representatives employed by Defendants at any of their New York City offices from May 10, 2016 to the present. The parties are directed to

6

meet and confer regarding revisions to Plaintiff's proposed notice and consent forms and, if possible, to submit mutually acceptable revised forms to the Court within seven days of the date of this order. If the parties cannot reach agreement regarding the content of the notice and consent forms, they should instead submit their respective proposals, together with a joint letter describing the differences between their proposals, within the same time period. The Court will hold a teleconference on November 26, 2019 at 3:00 p.m. to discuss the proposed notice and consent forms, the method of dissemination, and whether the parties expect that any modifications of the current discovery schedule will be necessary in light of this order. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 59.

SO ORDERED.

Dated: November 13, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge