# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:    212-465-1188
                    cklee@leelitigation.com

December 2, 2019

**<u>Via ECF</u>**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *Rivera v. The Anthem Companies, Inc.*
       <u>Case No. 18-cv-01420 (GHW)</u>

Dear Judge Woods:

  We are counsel for Plaintiffs in the above-referenced action. We write in advance of the scheduled telephonic conference on December 4, 2019, to identify areas of dispute regarding the collective action notice that was ordered by the Court on November 13, 2019.

  Plaintiffs request that Defendants provide Plaintiffs with the contact information, including names, addresses, email, and phone numbers, of the employees contained in the collective. Courts have routinely granted this type of information to Plaintiffs in similar situations. *See Anglada v. Linens 'n Things, Inc.*, 2007 U.S. Dist. LEXIS 39105, at *22 (S.D.N.Y. Apr. 26, 2007) ("Courts within this Circuit routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action. See, e.g., *Iglesias-Mendoza*, 239 F.R.D. at 369-70; *Gjurovich*, 282 F. Supp. 2d at 100 (citing *Hoffmann-La Roche, Inc., v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); *Realite v. Ark Rest. Corp.*, 7 F. Supp. 2d 303, 309-10 (S.D.N.Y. 1998); *Masson v. Ecolab, Inc.*, 04 Civ. 4488 (MBM), 2005 U.S. Dist. LEXIS 18022, 2005 WL 2000133, at *16 (S.D.N.Y. Aug. 17, 2005).)" *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 339 (S.D.N.Y. 2010) ("The Court grants Plaintiffs' request to compel disclosure of putative class members' social security and telephone numbers. *See Whitehorn v. Wolfgang's Steakhouse, Inc*., No. 09 Civ. 1148 (LBS), 2010 U.S. Dist. LEXIS 58460, 2010 WL 2362981, at *3 (S.D.N.Y. Jun. 14, 2010) (ordering disclosure of personal contact information because plaintiffs' "need and due process right to conduct discovery outweigh[s] any privacy concerns of the putative plaintiffs.") (*quoting Acevedo v. Ace Coffee Bar, Inc*., 248 F.R.D. 550, 554 (N.D. Ill. 2008))".) *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 130 (S.D.N.Y. 2014) ("Accordingly, it is ORDERED that Defendants shall produce a computer-readable list of all names, last known addresses, alternate addresses, known telephone numbers, known e-mail addresses, social security numbers (where applicable), dates of employment, and job titles for all of "the FLSA Covered Employees and Class Members".)

Plaintiffs then request permission to send the notice and consent form via first class mail, e-mail and text concurrently. The majority of courts in this District have routinely permitted notice via email over defendants' objections. *See Kucher v. Domino's Pizza, Inc.*, No. 16 Civ. 2492, 2017 U.S. Dist. LEXIS 213961, at *21 (S.D.N.Y. May 22, 2017) ("Courts in this district regularly permit notice in FLSA actions to be disseminated not only by mail, but also by email."); *Varghese v. JP Morgan Chase & Co.*, 14 Civ. 1718 (PGG), 2016 U.S. Dist. LEXIS 122428, at *26 (S.D.N.Y. Sep. 8, 2016) ("With respect to email notice, courts in this district have found that "given the reality of communications today . . . email notice in addition to notice by first class mail is entirely appropriate."); *Hernandez v. City of N.Y.*, No. 16 Civ. 3445 (RA), 2017 U.S. Dist. LEXIS 102285, at *35 (S.D.N.Y. June 29, 2017) ("The Court thus authorizes e-mail distribution of the Notice, as well as delivery of the Notice via first-class mail."); *Sanchez v. Salsa Con Fuego, Inc.*, No. 16 Civ. 473 (RJS)(BCM), 2016 WL 4533574, at *6-7 (S.D.N.Y. Aug. 24, 2016) (noting that "Email addresses and telephone numbers are efficient methods of providing notice," and later stating that "first class mail and email may both serve as efficient means of ensuring that potential opt-in plaintiffs receive timely notice"); *Martin v. Sprint/united Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) ("Courts in this Circuit routinely approve email distribution of notice and consent forms in FLSA cases.") (collecting cases). Courts have also permitted notice via text message. *See Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298, 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (granting plaintiffs' "request for permission to distribute the notice via email and text message"); *Kucher*, 2017 U.S. Dist. LEXIS 213961, at *24 (permitting collective action notice via text message).

Plaintiffs further request permission to send a reminder notice after the initial notice has been distributed. This furthers the policy that once a collective action is conditionally certified, the goal is to make as many potential plaintiffs as possible aware of the action. *See Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 273 (S.D.N.Y. 2012) ("the court should be 'guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants.'" quoting *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 356 (E.D.N.Y. 2012)). Accordingly, when disputed, courts have invariably (i) granted plaintiffs' requests for alternative methods of notice dissemination and (ii) ordered defendants to produce not just the names and mailing addresses, but also e-mail addresses and all known phone numbers of potential opt-ins. *See Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 129 (S.D.N.Y. 2014) ("Courts routinely order discovery of names, addresses, e-mail addresses, and telephone numbers in FLSA actions."). Providing Plaintiffs with all requested contact information, allowing Plaintiffs to send the notice via first-class mail, email, and text, and permitting a reminder notice to go out after the initial notice are all similarly in line with the Court's overall goals and policy regarding such notice.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.