# SEYFARTH SHAW

Seyfarth Shaw LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958

(404) 885-1500
fax (404) 892-7056
www.seyfarth.com

Writer's direct phone
(404) 881-5440

Writer's e-mail
jglaser@seyfarth.com

December 3, 2019

**BY ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

      *Re:*    *Jorge Rivera v. The Anthem Companies, Inc. f/k/a The Wellpoint Companies, Inc.*
               *United States District Court, Southern District of New York;*
               *Case No. 1:18-cv-01420*

Dear Judge Woods:

      On December 2, Plaintiff submitted a unilateral letter to the Court listing what he describes as the issues of dispute regarding the collective action notice. Although Defendants would have preferred to address these issues at the December 4 hearing as ordered by this Court, or by a joint letter, Defendants feel compelled to respond to Plaintiff's insufficient description of the areas of dispute between the parties regarding notice.

      As indicated in the November 21, 2019 letter to the Court (Doc. # 82), the parties' first area of dispute is the use of a Third Party Administrator ("TPA") to administer notice to the members of the putative collective. While conferring about the form and content of notice, Plaintiff's counsel stated his belief that he is freely entitled to call or otherwise contact all putative collective members during the notice period because Plaintiff included a Rule 23 claim in his complaint. Given these statements, Defendants are concerned that Plaintiff will engage in communications with putative collective members outside of those approved by this Court as part of the notice process. Such communications are improper and would subvert the entire purpose of court-approved notice for FLSA collective actions. *See Ruggles v. Wellpoint, Inc.*, 591 F. Supp. 2d 150, 164 (N.D.N.Y. Nov. 6, 2008) (explaining that in a hybrid case courts should act to correct abusive or misleading communication when the communication goes beyond the court-authorized notice).

      For this reason, Defendants propose that a TPA administer notice and that the names and contact information of putative collective members be provided only to the TPA, not Plaintiff's counsel. To the extent this exercise is truly about providing notice of the lawsuit, then providing notice in a neutral fashion where employee data is only provided to Plaintiff's' counsel once opt-ins have affirmatively agreed to be represented by them will ensure the data at issue is protected, and not used for an improper purpose. Assuming that the confidential personal information of Defendants'



current and former employees are protected from Plaintiff's counsel until the employees affirmatively opt-in to this lawsuit, Defendants agree to pay the cost of the TPA and postage, even though plaintiffs ordinarily bear the burden of the cost of notice. *See Eisen v. Carlisle & Jacquelin*, 627 U.S. 156, 179-170 (holding that the plaintiff bears the cost of notice to a proposed class).

The second area of dispute is the method of notice. In his letter, Plaintiff proposes notice by mail, email, and text. Such duplicative forms of notice will lead to confusion and frustration by current and former employees who will question how Plaintiff's counsel received access to their personal phone numbers and emails. Further, text messages are particularly intrusive and some putative collective members may receive charges for texts. There is no reason to believe that notice by first-class mail will be inadequate to notify putative collective members of the pending collective action, and such notice is supported by case law by other district courts in this Circuit. *See Sharma v. Burberry Ltd.*, 2014 U.S. Dist. LEXIS 124382, at *51-53 (E.D.N.Y. Sept. 4, 2014) (rejecting email notice because "electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court", "[e]lectronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process", and "email messages could be forwarded to nonclass members and posted to internet sites with great ease.") (citing *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007)); *Turban v. Bar Giocosa Corp.*, 2019 U.S. Dist. LEXIS 140581, at *1 (S.D.N.Y. Aug. 14, 2019) (declining to approve text-message notice because the plaintiffs had not "sufficiently demonstrated that turnover and relocation by potential members of the collective [would] render mailed notice ineffective"); *Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944 at *40-41 (W.D.N.Y. Oct. 21, 2009) ("[h]istorically, first-class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members.")

A third and related area of dispute is the information to be provided with the class list. Defendants agree to produce to the TPA (or Plaintiff's counsel if the Court does not accept Defendants' TPA proposal) the names and last known addresses of all putative collective members. As stated above, notice by mail is appropriate in this case, so there is no reason to produce email addresses or phone numbers of putative collective members who may have no desire to join Plaintiff's lawsuit.

The final area of dispute is Plaintiff's request for one reminder notice. Numerous federal district courts have denied requests for a reminder notice in similar actions because it "potentially could be interpreted as encouragement by the court to join the lawsuit" and persuade putative plaintiffs to join a lawsuit they may not be interested in joining. *Witteman v. Wisconsin Bell, Inc.*, 2010 U.S. Dist. LEXIS 8845 at * 10 (W.D. Wis. Feb. 2, 2010) (denying request for reminder notice because "the reminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit"); *Knispel v. Chrysler Group LLC*, 2012 U.S. Dist. LEXIS 21188, at *21-22 (E.D. Mich. Feb. 21, 2012) ("This Court agrees that a reminder notice is unnecessary. The purpose of the notice is to inform potential opt-in Plaintiffs of their rights. Once they receive that information, 'it is their responsibility to act as they see fit.'") (citations omitted). Implicit in Plaintiff's request is



December 3, 2019
Page 3

the assumption that individuals who have not opted in did not receive the notice.  It is equally, if not more, plausible that individual simply was not interested in joining.[1]

      Respectfully submitted,

                         */s/ Jeffrey Glaser*

                         SEYFARTH SHAW, LLP
                         1075 Peachtree Street, N.E., Suite 2500
                         Atlanta, Georgia 30309
                         Tel: (404) 885-1500
                         Fax: (404) 892-7056
                         jglaser@seyfarth.com

cc: Plaintiff's Counsel

---

[1] The first time Plaintiff's Counsel rasied the possibility of a reminder notice was on December 2, after the parties submitted a joint proposed notice to the court.  If the Court permits a reminder notice, the parties should confer about its content and it should be approved by the Court.