# Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:        212-465-1188
                        cklee@leelitigation.com

December 11, 2019

**Via ECF**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    *Rivera v. The Anthem Companies, Inc.*
                  Case No. 18-cv-01420 (GHW)

Dear Judge Woods:

      We are counsel for Plaintiff in the above-referenced action. Pursuant to the Court's Order dated December 9, 2019 (ECF Dkt. No. 85), we respectfully submit this letter jointly with counsel for Defendants to propose a schedule for issuing notice to potential collective members and for the completion of discovery:

- **December 24, 2019**: Deadline for Defendants to produce the list of potential collective members to third-party administrator and Plaintiff's counsel.
- **January 10, 2020**: Deadline to distribute notice to potential collective members.
- **February 14, 2020**: Deadline to distribute a reminder notice to potential collective members.
- **March 10, 2020** (i.e. 60 days from the date of initial notice): Deadline for employees to opt into the collective action.
- **August 31, 2020**: Deadline to complete fact discovery.

      The parties respectfully inform the Court of two issues that require adjudication. The parties (C.K. Lee for Plaintiff and Jeffrey Glaser for Defendants) met and conferred via telephone on December 10, 2019 but were unable to resolve the following disputes.

  1. <u>Information to Be Included in the "Anonymized" Class List Produced to Plaintiff's Counsel</u>

      During the teleconference on December 4, 2019, the Court authorized the use of a third-party administrator ("TPA") to distribute the collective notice and a reminder notice via mail and e-mail. The Court also decided that Defendants would produce an "anonymized" version of the class list to Plaintiff's counsel, while producing the full class list to the TPA. The parties agreed that Defendants would produce to the TPA: the employee names, employee numbers, job titles, office locations, last known mailing addresses, email addresses and all known personal telephone numbers. However, the parties disagree on the types of information that would be included in the "anonymized" class list produced to Plaintiff's counsel.

a.  Plaintiff's Position: The "anonymized" class list should include the employee numbers, job titles, office locations, last known mailing addresses and e-mail addresses. Based on Plaintiff's counsel's experience, the employee lists that defendants produce for collective notice mailing purposes often contain deficient or erroneous information. Plaintiff's counsel should be allowed to review the contact information that will be used for notice distribution in order to ensure timely and effective delivery of the notice.

b.  Defendants' Position: Plaintiff's insistence that he receive the full email and mailing addresses of all putative collective members would make the Court's ruling anonymizing the class list meaningless. For example, Plaintiff Rivera's email address when he worked for the company was jorge.rivera@empireblue.com. Current employees have a similar email format containing their names. Defendants offered to provide Plaintiff a truncated version of the e-mail addresses, but Plaintiff refused. Specifically, Defendant proposes that the local part of the e-mail addresses (the part before the @ symbol) be removed from the anonymized list provided to Plaintiff's counsel. This would preserve anonymity while providing the email domain names to Plaintiff's counsel for their review. Defendants also propose truncating the mailing addresses of the putative collective members. Full addresses can be readily used to identify the putative collective action members. As mentioned during the December 4 hearing before Your Honor, Defendants are concerned about Plaintiff receiving the contact information of putative collective members because Plaintiff's counsel maintained (and still maintains) that he is permitted to initiate contact with putative collective members during the notice period. As discussed at the December 4 hearing, such contact is inappropriate and would subvert the purpose of court-supervised notice in conditionally certified FLSA collective actions. *See Ruggles v. Wellpoint, Inc.,* 591 F. Supp. 2d 150, 164 (N.D.N.Y. Nov. 6, 2008) (explaining that in a hybrid case courts should act to correct abusive or misleading communication when the communication goes beyond the court-authorized notice). Consequently, Defendants propose that the street number, street name, and any apartment number be redacted from the class list provided to Plaintiff's counsel.

2.  Posting of the Notice and Consent Forms at Defendants' Offices

    a.  Plaintiff's Position: Plaintiff requests the posting of the notice and consent form in Defendants' offices where potential opt-in plaintiffs are employed. This request was part of Plaintiff's motion for conditional collective certification, filed May 10, 2019 (ECF Dkt. No. 59-1), and Defendants did *not* object to such request in their opposition brief, filed June 24, 2019 (ECF Dkt. No. 68).

    "Posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777, at *29 (S.D.N.Y. Sep. 16, 2013). Accordingly, courts routinely order posting the notice on employee bulletin boards, employee break rooms or other common areas where potential collective members are likely to congregate. *See, e.g.*, *Malloy v. Richard Fleischman & Assocs., Inc.*, No. 09 Civ. 322, 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009) (ordering defendant to "post the notice in each workplace where potential collective

action members are employed"); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) ("while defendants object to the posting of the Notice at their business locations . . . such a practice has been routinely approved in other cases."); *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616, 2012 WL 440691, at *5 (E.D.N.Y. Feb. 10, 2012) ("Posting the notice is a reasonable means of assuaging the vagaries of notice by mail, and would not unduly burden the defendants.").

Based on the foregoing, Plaintiff respectfully requests the posting of the notice and consent form in each of Defendants' offices on employee bulletin boards and in break rooms (or other common areas where potential opt-in plaintiffs are likely to congregate). The duration of the posting should be from the date of the notice mailing until the end of the opt-in period (i.e. from January 10, 2020 to March 10, 2020).

b. <u>Defendants' Position</u>: At the December 4, 2019 hearing on notice, this Court ordered notice to putative collective members be sent by U.S. mail and email. Plaintiff did not ask for and this Court did not grant notice by posting at Defendants' offices. To Defendants' surprise, Plaintiff insisted on submitting a joint proposed order requiring Defendants to post notices in their New York City offices. The Court granted no such thing at the hearing and Plaintiff should be precluded from requesting an additional method of notice now, a week after the Court already considered and ruled on the permitted methods of notice.

Plaintiff implies that Defendants somehow waived any argument against notice by posting because it did not object to it in its opposition to conditional certification filed on June 26, 2019. This is simply incorrect. Defendants objected to Plaintiff's proposed notice process, asked the Court to reject it, and proposed that the Court order the parties to confer about notice. (ECF Dkt. No. 68, pp. 23-24). That is exactly what the Court directed in its order granting conditional certification of a limited collective action. (ECF Dkt. No. 79, pp. 6-7). The parties subsequently conferred and Plaintiff submitted a letter to the Court on December 2 purporting to summarize the "areas of dispute regarding the collective action notice." (ECF Dkt. No. 83). In it, Plaintiff requested notice by U.S. mail, e-mail, and text. He made the same proposal at the hearing. There was no mention whatsoever of notice by posting. It is a waste of this Court's and Defendants' time and resources to revisit the method of notice when this issue was addressed and resolved just last week.

If this Court does entertain Plaintiff's request for an additional method of notice that Plaintiff did not seek last week, it should be denied. Putative opt-in Plaintiffs who are current employees will receive notice through the Company's email system (as well as by U.S. mail). Posting at the workplace is duplicative, intrusive, and unnecessary. *See, e.g.*, *Hernandez v. Merrill Lynch & Co.*, 2012 WL 1193836, at *8 (S.D.N.Y. Apr. 6, 2012) (denying request to post notice) (Forrest, J.); *Shajan v. Barolo, Ltd.*, 2010 WL 2218095, at *2 (S.D.N.Y. June 2, 2010) (McMahon, J.) ("Since all current employees will be receiving the notice, there is no need to require defendants to post the notice in the workplace."); *Gordon v. Kaleida Health*, 2009 WL 3334784, at *11 (W.D.N.Y. Oct. 14, 2009) (finding request for posting "premature" and noting that, "the only group that will be reached by posting are current employees, who have an interest in providing

3

their employer with an up-to-date mailing address."); *Hintergerger v. Catholic Health Sys.*, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009) (same).

The parties respectfully submit two versions of the proposed order, each reflecting the parties' positions on the disputed issues discussed herein. Plaintiff's proposed order is attached hereto as Exhibit A and Defendants' proposed order is attached hereto as Exhibit B.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF

4