# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/14/20
```

WRITER'S DIRECT:       212-465-1188
                       cklee@leelitigation.com

January 13, 2020

**Via ECF**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMORANDUM ENDORSED**

      Re:    *Rivera v. The Anthem Companies, Inc.*
              Case No. 18-cv-01420 (GHW)

Dear Judge Woods:

We are counsel for Plaintiffs in the above-referenced action. We write, jointly with counsel for Defendants, to inform the Court of a discovery dispute regarding pre-certification class discovery and respectfully request an informal conference under Local Civil Rule 37.2. Pursuant to the Court's Individual Rule of Practice in Civil Cases, Section 2.C.ii., the parties (Angela Kwon, Esq. for Plaintiffs and Jeff Glaser, Esq. for Defendants) met and conferred telephonically on December 23, 2019 at 1:00 p.m. for approximately 20 minutes in an effort to resolve the discovery dispute, but was unsuccessful. We respectfully submit this letter identifying and attaching the specific interrogatories and document requests at issue, together with Defendants' objections and responses, for the Court's consideration.

- **Exhibit A** – Defendants' Responses to Plaintiff's First Request for Production of Documents
- **Exhibit B** – Defendants' Responses to Plaintiff's First Set of Interrogatories

**PLAINTIFFS' POSITION:**

Plaintiffs requested in their document requests wage-and-hour documents pertaining to putative class members and collective members, namely non-managerial Retention Associates, Facilitated Enrollers, or Medicaid Representatives employed by Defendants at any of their New York City offices during the relevant six-year statutory period (i.e. on or after February 16, 2012) ("Potential Class Members"). *See* **Exhibit A** (Doc Req. Nos. 2, 3, 4, 7, 8, 14, 16, 17, 19 and 23). In addition, Plaintiffs requested in their interrogatories, employment information concerning Potential Class Members. *See* **Exhibit B** (Interrogatory Nos. 1, 2(b), 5, 6(b), 6(c), 10 and 11). Plaintiffs request the production of such records to help ascertain whether class treatment is appropriate under the Rule 23 requirements, including payroll records, time records, wage and hour notices, wage statements, employee handbooks and policies, and records regarding employee duties or responsibilities for potential class members.

Plaintiffs maintain that the overwhelming weight of authority in the Second Circuit, and specifically in the Southern District of New York, facilitates class discovery in FLSA and NYLL

cases, as a separate issue from the scope of collective certification. *See, e.g.*, *Baten v. Mr. Kabob Rest., Inc.*, No. 16 Civ. 9559 (KNF) (Mar. 1, 2018 S.D.N.Y.) (ordering pre-certification production of "payroll records, time records, records identifying employee duties or responsibilities, work schedules, wage and hour notices, . . . .") (**Exhibit C**, Transcript, at *3); *Alvarez v. Schnipper Rests. LLC*, No. 16 Civ. 5779 (ER) (Dec. 6, 2017 S.D.N.Y.) (**Exhibit D**, Transcript, at *4) (pre-certification discovery of the "records of similarly situated employees . . . to determine whether [Rule 23 class] certification is appropriate" is "generally accepted in the Second Circuit."); *Falcon v. Bogopa Service Corp.*, 17 Civ. 6230 (LGS) (Oct. 3, 2017 S.D.N.Y.) (**Exhibit E**, Transcript, at *4-5) (ordering pre-certification discovery of sampling records for putative Rule 23 class members across 17 locations); *Rodriguez v. Park It Management Corp.*, No. 17 Civ. 4995 (AJP) (Dec. 4, 2017 S.D.N.Y.) (**Exhibit F**, Transcript, at *8-9) (ordering pre-certification discovery of payroll records, time records and wage notices for employees at all 31 locations).

Courts in this District have explicitly rejected defendants' objections that pre-certification discovery should not be allowed because plaintiff has not yet moved for class certification. *See Lobato v. Great Kills Marina Cafe Inc.*, No. 18 Civ. 5579 (SJB) (S.D.N.Y. July 16, 2019) (**Exhibit G**, Transcript at *2-4):

> "[T]here are assertions in those papers that border on legally frivolous, okay? There are arguments that are frankly flatly inconsistent with the Federal Rules of Civil Procedure and, frankly, make little sense to me. I'll give you an example: The letter says, for instance, that the plaintiffs are not entitled to any class discovery unless a motion for class certification is filed. That's simply not the law. It's a gross mischaracterization of the law. It's also a gross mischaracterization of what discovery means. . . . [T]hose are highly problematic assertions that are not supportable by any reasonable interpretation of the case law. . . . [T]he position that was taken by the defendants is a highly, highly aggressive position that frankly is highly unsupportable. There are obviously limits on what one can get for class or collective certification discovery, but it is simply not the case that the plaintiff gets no discovery until a motion for class certification is filed and he should know better than to write to a federal court to suggest that."

Plaintiffs further argue that class discovery, requested in order to investigate the viability of Rule 23 class certification, is a separate issue with separate standards from the FLSA conditional collective certification.[1] Thus, a "district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement has been met." *Calabrese v. CSC Holdings, Inc.*, No. 02 Civ. 5171, 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. Mar. 7, 2007). *See Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653 (VSB), Dkt. No. 52, at *2 (S.D.N.Y. Sept. 9, 2016) ("the discovery request by Plaintiffs is necessary to show the 'commonality,' 'typicality,' 'numerosity,' 'ascertainability' and predominance' for Plaintiffs' proposed motion for Rule 23(b)(3) certification").

---

[1] On November 13, 2019, the Court conditionally certified a collective action covering all non-managerial Retention Associates, Facilitated Enrollers, or Medicaid Representatives employed by Defendants at any of their New York City offices during the relevant three-year statutory period (i.e. on or after May 10, 2016) (ECF Dkt. No. 79).

Specifically, with respect to Interrogatory No. 1, Plaintiffs seek the names and contact information of Potential Class Members, who are witnesses with firsthand knowledge of the subject matter of the action, namely, Defendants' wage and hour policies during the relevant statutory period and the employees' experience under such policies. "'[T]he weight of authority in this district counsels in favor of allowing [disclosure of class contact information] in FLSA cases . . . .'" *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (WHP), 2012 U.S. Dist. LEXIS 80905, at *5 (S.D.N.Y. June 11, 2012) (noting that the employees "are likely to possess relevant information regarding, *inter alia*, [putative class members'] duties, the compensation policies that applied to them, and the hours they worked"); *Amhaz v. Booking.com (USA) Inc.*, No. 17 Civ. 2120 (HBP) (S.D.N.Y. Dec. 22, 2017) (**Exhibit H**, Relevant Excerpts from Transcript) (directing defendant to produce pre-certification discovery of "the names, dates of employment, addresses, telephone numbers, and email addresses to the extent they have that information for account managers and key account managers . . . in New York for the period for six years prior to commencement of the action").

**DEFENDANTS' POSITION:**

As an initial matter, Plaintiff mischaracterizes Defendants' position on class discovery. Defendants are not opposed to pre-certification class discovery in its entirety. Rather, Defendants' points of contention are with the scope and timing of Plaintiff's particular requests.

Plaintiff's original requests for production of documents asked that Defendants produce every single document related to every single non-managerial employee in the "Retention Department," without any geographic limitation. (See, e.g., Exhibit A, at Doc. Requests. 2, 3, and 4). Plaintiff's interrogatories were similarly overbroad. Moreover, some of the interrogatories patently violated Local Rule 33.3. (See e.g., Interrogatory No. 2(b), 5). Plaintiff concedes in this letter that his discovery requests as originally drafted were inappropriately overbroad.

Now Plaintiff seeks revised document requests of payroll records, time records, wage and hour notices, wage statements, employee handbooks and policies, and records regarding employee duties or responsibilities for the three positions at issue (Retention Associates, Facilitated Enrollers, or Medicaid Representatives) in New York City since February 16, 2012. In addition, Plaintiff seeks the names and contact information of every individual they describe as "Potential Class Members" in response to Interrogatory No. 1.

Despite Plaintiff's revisions, his requests for documents remain far too broad because Plaintiff is seeking individualized discovery on the entire purported class. Plaintiff's request for pay, time and other documents for every single Potential Class Member is not proportional to the needs of the case at this stage of the lawsuit. Plaintiff's only "need" for class discovery at this stage of the case is to determine whether Plaintiff can establish the requirement of a Rule 23 class. *See Charles v. Nationwide Mut. Ins. Co.*, 09 CV 94 (ARR), 2010 U.S. Dist. LEXIS 143487, at * 20 (E.D.N.Y. May 27, 2010) (denying plaintiff's motion to compel in an off-the-clock case for information regarding individual putative class members and holding that such requests exceed the scope of pre-certification discovery which is not to learn about individual class members or the merits of the case). The personal and confidential pay and time records of *every single* Potential Class Member are of limited relevance to the question of whether Plaintiff can establish the elements necessary for class certification under Rule 23 and do not justify the burden of collecting

a producing such a vast amount of records. In fact, Plaintiff alleged that Defendant's time and pay records are incorrect and do not include work he and his purported class worked "off the clock.". *See* Dkt. 60, p. 15 (where Plaintiff states in motion for conditional certification that Defendants did not maintain adequate time records).

As an alternative, Defendants propose the following: (1) production of pay and timekeeping policies related to relevant positions in New York City for 6-year period; (2) production of individualized pay and timekeeping documents for all class members who opt-in to the FLSA collective; and (3) the parties meet and confer after the FLSA opt-in period closes to determine the scope of discovery related to the opt-ins, as well as any additional class discovery the Parties' require prior to Plaintiff moving for class certification under Rule 23.

In addition to his overbroad document requests, Plaintiff also asks Defendants to respond to Interrogatory No. 1 by providing the names and contact information of all Potential Class Members so they may contact them "as witnesses with firsthand knowledge of the subject matter of the action." This request is merely a continuation of Plaintiff's relentless attempt to contact putative collective members during the FLSA notice period. (*See* Dkt. 83 where Plaintiff previously requested the contact information of the putative collective members; *See also* Dkt. 87 where the Court rejected Plaintiff's request and ordered an anonymized class list to protect the putative collective members' contact information). As explained previously, such contact is widely accepted as improper and defeats the purpose of court supervised notice. (*See* Dkt. 84).

As a reasonable alternative, Defendants propose providing Plaintiff with a class list including names and contact information *after* the close of the FLSA opt-in period.

\*               \*               \*

Based on the foregoing, the Parties respectfully request an informal conference under Local Civil Rule 37.2 to resolve the discovery disputes raised herein.

We thank the Court for its time and consideration.

Respectfully submitted,

/s/ C.K. Lee
C.K. Lee, Esq.

cc:    all parties via ECF

---

The Court will hold a telephone conference to discuss the issues raised by the parties' joint letter on January 15, 2020 at 1:00 p.m. The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line.

SO ORDERED.

Dated: January 14, 2020
New York, New York

GREGORY H. WOODS
United States District Judge